UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| COLLEEN SARVER, <br> PLAINTIFF <br> <br> vs. <br> <br> UNITED STATES OF AMERICA, <br> DEFENDANT | § <br> § <br> § <br> §    CIVIL ACTION NO: 5:18-cv-1038 <br> § <br> § <br> § <br> § <br> § |

**PLAINTIFF, COLLEEN SARVER'S, ORIGINAL COMPLAINT TO
THE DEFENDANT, UNITED STATES OF AMERICA**

Plaintiff, COLLEEN SARVER brings this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiff complains of the United States of America and would show the following:

**PARTIES**

1.1. This case arises out of bodily injuries caused by a United States Postal Service employee, Mark Brown, when he failed to yield the right of way as he made an unsafe u-turn across two lanes of traffic, from the shoulder, to attempt to cross the double yellow lines on Harry Wurzbach in order to go north. Further, he entered Plaintiff's lane when it was unsafe and caused the impact with the Plaintiff's vehicle.

1.2. Plaintiff is COLLEEN SARVER. Plaintiff resides in San Antonio, Texas.

1.3. Defendant is the United States of America. Mark Brown, at all times relevant to this lawsuit,

was an on-duty employee of the United States Postal Service, an agent of the United States of America.

## JURISDICTION, SERVICE, & VENUE

1.4. This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–2680, commonly known as the Federal Tort Claims Act.

1.5. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney John F. Bash, United States Attorney for the Western District of Texas by certified mail, return receipt requested at his office:

United States Attorney's Office

**ATTN: Civil Process Clerk**

601 NW Loop 410, Suite 600

San Antonio, Texas 78216

1.5.1. Service is also affected by serving a copy of the Summons and Complaint on Jeff Sessions, Attorney General of the United States, by certified mail, return receipt requested at:

The Attorney General's Office

**ATTN: Civil Process Clerk**

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

1.5.2. Service is also affected by serving a copy of the Summons and Complaint on Megan J. Brennan, United States Postmaster General by certified mail, return receipt requested at his office:

U.S. Postmaster General

United States Postal Service

**ATTN: Civil Process Clerk**

475 L'Enfant Plaza, S.W.

Washington, DC 20260-0010

1.6. Venue is proper in this district pursuant to 28 U.S.C. §1391(e) because the United States of America is the Defendant, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## LIABILITY OF THE UNITED STATES

1.7. This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§2671–2680, the Federal Tort Claims Act. Liability of the United States of America is predicated specifically on 28 U.S.C. §2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or agents of the United States of America working for the United States Postal Service, while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

1.7.1. The United States Postal Service is an agency of the United States of America. The Defendant United States of America, through its agency, the United States Postal Service, at all material times owned, operated, and controlled the United States Postal Service and staffed its

facilities and vehicles with its agents, servants and employees.

1.7.2. At all material times, Mark Brown was an agent, servant, or employee of the United States of America or its agency and was at all material times acting within the course and scope of his employment.

## JURISDICTIONAL PREREQUISITES

1.8. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed with and presented administratively as required to the United States Postal Service on June 9, 2017 in writing. Defendant, United States acknowledged receipt of Plaintiff's claim for damages on July 20, 2017. Defendant, United States of America and Plaintiff failed to agree to a final disposition of the claim within six months after it was presented.

1.8.1. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

## FACTS

1.9. This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiff arising out of the personal injuries to COLLEEN SARVER as a result of the negligent operation of a vehicle by Mark Brown.

1.10.   On or about August 10, 2015 Plaintiff, COLLEEN SARVER was operating a blue 2003 GMC Envoy SUV and was traveling south on Harry Wurzbach road in Bexar County, San Antonio, Texas.

1.11.   At that time and place, Mark Brown, an employee of the United States Postal Service was coming from the right shoulder in his postal vehicle on the southbound side of Harry Wurzbach

Road, in San Antonio, Bexar County, Texas.

1.12. Mark Brown an employee of Defendant, United States of America, negligently and recklessly operated the vehicle he was driving when he suddenly and without warning failed to yield the right of way as he made an unsafe u-turn and entered Plaintiff's lane when it was unsafe, striking Plaintiff's vehicle.

## CAUSE OF ACTION

1.13. Through its employees, agents, or servants, the Defendant, United States of America, was negligent in one or more of the following respects:

1.13.1. Negligent for failing to maintain a safe and proper lookout for other vehicles;

1.13.2. Negligent for failing to maintain proper and safe control of his vehicle;

1.13.3. Negligent for failing to make a safe turn;

1.13.4. Negligent for failing to make a safe u-turn;

1.13.5. Negligent for attempting to pass double yellow lines that divided the road way;

1.13.6. Negligent for failing to keep a safe distance from other cars on the road;

1.13.7. Negligent for failing to yield to the right of way to a vehicle;

1.13.8. Negligent for failing to operate his vehicle properly on the roadway divided into two or more clearly marked lanes for traffic, failing to drive as nearly as practical entirely within a single lane and by failing to move from the lane unless the movement is safe which constitutes common law negligence and negligence *per se* in violation of the Texas Transportation Code, §545.060.

1.13.9. Negligent for failing to yield the right-of-way to a vehicle that has entered the intersection from another highway or that is approaching so closely as to be an immediate hazard to the operator's movement in or across the intersection which constitutes common law negligence and

negligence *per se* in violation of the Texas Transportation Code, §545.153.

1.13.10. Negligent in operating his vehicle in a willful and wanton disregard for the safety of persons and property, including Plaintiff, which constitutes common law negligence and negligence *per se* in violation of the Texas Transportation Code § 545.401(a).

1.13.11. Negligent in failing to yield the right-of-way to a vehicle approaching on the highway to be entered, which constitutes common law negligence and negligence *per se* in violation of the Texas Transportation Code § 545.155.

1.13.12. Negligent in failing to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway, which constitutes common law negligence and negligence *per se* in violation of the Texas Transportation Code § 545.062.

1.13.13. Negligent in failing to make a safe turn as required. An operator may not turn the vehicle to enter a private road or a driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely, which constitutes common law negligence and negligence *per se* in violation of the Texas Transportation Code § 545.103.

1.13.14. Negligent in failing to safely turn the vehicle left. An operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard which constitutes common law negligence and negligence *per se* in violation of the Texas Transportation Code § 545.152.

1.13.15. At all material times, the employee, agent, or representative of the United States Government was negligent and caused the injuries sustained by Plaintiff.

## DAMAGES

1.14. As a proximate result of the Defendant's negligent acts or omissions, Plaintiff suffered injuries, which would not have occurred otherwise. Plaintiff, COLLEEN SARVER pleads for all damages available under Texas state law, federal law, and equity, including:

1.14.1. Past and future pain and suffering;

1.14.2. Past and future mental anguish;

1.14.3. Past and future physical impairment and disability;

1.14.4. Past and future physical disfigurement;

1.14.5. Past and future loss of income and impairment of earning capacity;

1.14.6. Past and future reasonable charges necessary for medical care, nursing, hospital, rehabilitation services, custodial care, health care, supplies, attendant care expenses and other health services;

1.14.7. Past and future reasonable and necessary expenses incurred for substitute domestic services;

1.14.8. Past and future loss of spousal household services, care, comfort, companionship, and society;

1.14.9. Past and future reasonable value of the loss of consortium;

1.14.10. Out-of-Pocket expenses;

1.14.11. Property damage; and

1.14.12. Plaintiff, COLLEEN SARVER, individually pleads for all other damages, pecuniary or otherwise, arising out of law or equity, that they may be justly and equitably entitled to, in the wisdom of the Court.

## PRAYER

1.15. Plaintiff requests that Defendant be cited in terms of law to appear and answer this complaint, that upon final trial, the Plaintiff has judgment against the Defendant, for the amount of actual damages and for the other and different amounts as they shall show by proper amendment before trial, for post judgment interest at the applicable legal rate, for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiff may show entitled to and to which the Court believes them deserving.

Respectfully submitted,

*Holly Fudge-Stokes*
Holly Fudge-Stokes
SBN: 24056784
Fudge Nieto Stoke Law Firm, PLLC
12703 Spectrum Drive, STE 100A
San Antonio, Texas 78249
PH: 210 (399) 4997
FX: 210 (399) 4998
EM: hollystxlegalhelp@gmail.com